# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 11CR3344-LAB |
| Plaintiff, | **ORDER DENYING MOTION TO EXTEND TIME TO FILE APPEAL** |
| vs. | |
| DANIEL BOJORQUEZ-PACHECO, | |
| Defendant. | |

Sentenced federal prisoner Daniel Borjorquez-Pacheco has filed a motion under Rule 4(b) of the Federal Rules of Appellate Procedure asking this Court to excuse his neglect in not filing a timely appeal of the sentence imposed in this case. The gist of Mr. Bojorquez's request is that he couldn't decide in the 14-day period allotted whether he wanted to appeal. The Court has reviewed the motion as well as the transcript of Mr. Bojorquez's January 23, 2012 sentencing hearing.

It is conceded that on January 25, 2012, three days after he was sentenced, the defendant engaged in a detailed discussion with his counsel concerning the prospect of filing an appeal. According to the defendant's counsel, even after that discussion, he "remained undecided about filing an appeal." And for good reason: Mr. Borjorquez had waived his right to appeal as part of the plea agreement that he entered into with the government. The Court even called attention to the defendant's appellate wavier at the end of the sentencing

hearing. What's more, the defendant's counsel affirmatively agreed on the record that the appellate waiver provision had been triggered based on the Court's imposition of a sentence within the range negotiated by the parties. It's therefore no wonder to the Court that Mr. Borjorquez initially hesitated at the prospect of repudiating a binding promise he made in exchange for the myriad of sentencing concessions he received from the government and the Court for pleading guilty. Only dishonorable people go back on their word.

The Court has reviewed the test for excusable neglect recited in *Pioneer Investment Services Co.* v. *Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), relied on by counsel. The test is not met here. Considering the first *Pioneer* factor, the Court finds the government would be prejudiced in this case by permitting Mr. Borjorquez to renege on his promise by filing a late, unauthorized appeal. The government bargained for an end to this litigation with the defendant. It deserves the benefit of that bargain. Permitting the defendant to appeal after he agreed to waive that right deprives the government of its benefit of the bargain, undermines the integrity of the two-way plea bargaining system, and rewards chicanery. This Court won't sanction that.

Additionally, considering the third *Pioneer* factor, the Court finds Mr. Bojorquez had adequate time to consider his appellate options within the 14-day statutory period following imposition of his sentence. During that period, he had full access to counsel who engaged him in "detailed discussion," and presumably advised him of the importance of keeping his word.[1] His apparent decision to ignore her advice certainly cannot be considered an action taken in good faith, another factor the Court has weighed under *Pioneer*.

The Court is mindful that in plea bargaining, "the government gets what is bargained for, but nothing more." *U.S.* v. *Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). But that's precisely

///

---

[1] The Court assumes the decision to try to repudiate the plea agreement was made by the defendant, and not by counsel. Having negotiated the plea agreement on behalf of the defendant, counsel obviously doesn't want to be accused of reneging or acting in bad faith. A lawyers' reputation for fair and honest dealing among the bench and bar is much more important than any transitory gain that a scheming client may try to achieve in a single case.

- 2 -

11cr3344

what's at stake here.  The defendant agreed to cease this litigation if he was sentenced to a term between 46 and 57 months.  He got 48 months.  A deal's a deal.

The defendant's motion to extend time for filing a notice of appeal is hereby **DENIED**.

**IT IS SO ORDERED.**

DATED: March 9, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN Burns**
United States District Judge